IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PAUL CARPENTER and GINGER       )
CARPENTER, Parents and Next     )
Friend of OLIVIA CARPENTER, a   )
minor,                          )
                                )
    Plaintiffs,          )       No. 09-cv-2068-A/P
                                )
v.                              )
                                )
VICTORIA'S SECRET STORES, LLC,  )
et al.,                         )
                                )
    Defendants.          )

---

### REPORT AND RECOMMENDATION

---

Before the court is defendants Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc.'s Motion to Transfer to the United States District Court for the Northern District of Mississippi, or in the Alternative, Motion for Leave to File Third-Party Complaint. (D.E. 27.) Plaintiffs Paul Carpenter and Ginger Carpenter ("Carpenters") filed a response in opposition, and defendants filed a reply. Based on the entire record, the court recommends that defendants' motion to transfer be denied and their motion for leave to file third-party complaint be granted.

### I. PROPOSED FINDINGS OF FACT

The Carpenters are the parents of Olivia Carpenter, a minor,

and reside in Lafayette County, Mississippi. Defendants have their principal place of business in Ohio, and have over 1,000 retail stores located across the United States. The Carpenters, who were divorced at the time that the events giving rise to this lawsuit occurred, allege that Ms. Carpenter's boyfriend bought flannel pajamas for Olivia from the defendants. Specifically, the Carpenters allege that the pajamas were manufactured by the defendants under the label "Victoria's Secret" and sold at their store in the Oak Court Mall, a shopping center located in Memphis, Tennessee. The Carpenters claim that on or about January 12, 2008, Olivia went to a sleepover at the residence of Alicia Grant, a friend of Ms. Carpenter.[1] Ms. Grant lived in a condominium in Oxford, Mississippi, a city located approximately sixty miles from Memphis. The Carpenters claim that, during the sleepover, Olivia entered a bathroom that had a lit candle on a counter, and that Olivia backed into the candle, causing the pajamas to ignite and burn her.

The Carpenters originally filed this action on January 12, 2009, in the Circuit Court at Memphis, seeking damages on the theories of strict liability, negligence, breach of warranty, and negligent misrepresentation. The case was subsequently removed to this court by the defendants on February 6, 2009, on the basis of

---

[1]Since the time of the incident, Ms. Grant has married and changed her name to Alicia Vanlandeghen. She still lives in Oxford, Mississippi, although at a different location.

-2-

diversity jurisdiction.  Defendants now move to transfer this case to the Northern District of Mississippi, or alternatively, to file a third party complaint against Ms. Grant.

## II.  PROPOSED CONCLUSIONS OF LAW

A district court may transfer a civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  District courts have broad discretion in determining whether to transfer a case.  United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc., No. 09-cv-2552, 2010 WL 62469, at *2 (W.D. Tenn. Jan. 11, 2010).  The burden of proving that transfer is warranted lies with the party seeking the transfer.  Id.  The party seeking a transfer must meet this burden by a preponderance of the evidence.  Id.  As explained in Allenberg Cotton Co. v. Staple Cotton Cooperative Ass'n, No. 06-2449, 2007 WL 2156352 (W.D. Tenn. July 25, 2007):

> A district court may consider several factors when deciding whether to transfer a case under § 1404, including "the private interests of the parties," Thomas & Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 997 (W.D. Tenn. 2002), "the relative ease of access to sources of proof," the availability of compulsory process for unwilling witnesses, "the costs of obtaining attendance of willing [] witnesses," the relative ability of litigants to bear expenses in any particular forum, public interest concerns, and other practical problems affecting the case.  Leopard Roofing Co. v. Asphalt Roofing Indus. Bureau, 190 F. Supp. 726, 730 (E.D. Tenn. 1960) (citations omitted).

Id. at *2.

Defendants have not carried their burden of demonstrating that transfer of this case to the Northern District of Mississippi is warranted.  First, the Carpenters originally filed this lawsuit in state court in Memphis and they strongly oppose the motion to transfer.  While not controlling, "a plaintiff's choice of forum is a factor that a court must consider and give deference to when deciding a motion to transfer under section 1404(a)."  Id. (citing Mead Data Cent., Inc. v. West Publ'g, 679 F. Supp. 1455, 1465 (S.D. Ohio 1987)).

Second, the convenience-of-the-witnesses factor weighs only slightly in favor of transfer.  On the one hand, the accident occurred in Oxford, and several witnesses, including Ms. Grant, Ms. Carpenter's boyfriend (who purchased the pajamas), and emergency medical technicians and police officers who responded to the scene of the accident, reside in north Mississippi.  On the other hand, the pajamas were purchased at a store in Memphis, and Olivia was transported to and received treatment at Le Bonheur Children's Hospital in Memphis after the accident.  According to the Carpenters, Ms. Grant and other witnesses located in north Mississippi have already been deposed, and thus the inconvenience to those witnesses would involve, at most, their appearance at trial.  Moreover, there is no indication that any witnesses are beyond the subpoena power of this court.  In addition, counsel for both parties are located in Memphis and would have to travel to

-4-

Mississippi if the case were transferred.

Third, regarding the interest of justice, the defendants contend that they intend to file a third party complaint against Ms. Grant, and that this court *may* lack personal jurisdiction over her.  Based on the current state of the record, the court finds that this argument is premature.  Instead, the defendants should be permitted to file a third party complaint under Fed. R. Civ. P. 14, and the court will decide the personal jurisdiction issue (if raised) at the appropriate time.[2]

### III.   RECOMMENDATION

For the reasons above, the court recommends that defendants' motion to transfer be denied and their motion for leave to file third-party complaint be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 13, 2010
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(c).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2]The parties dispute whether Tennessee or Mississippi law applies to the tort claims.  For purposes of deciding whether transfer is warranted, the court need not resolve this issue at this time.

-5-