IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

———————————————————————————————————————————

PAUL CARPENTER and GINGER          )
CARPENTER, Parents and Next        )
Friend of OLIVIA CARPENTER, a      )
minor,                             )
                                   )
    Plaintiffs,            )   No. 09-CV-2068 A/P
                                   )
v.                                 )
                                   )
VICTORIA'S SECRET STORES, LLC,     )
VICTORIA'S SECRET DIRECT BRAND     )
MANAGEMENT, LLC, and VICTORIA'S    )
SECRET STORES BRAND MANAGEMENT,    )
INC.,                              )
                                   )
    Defendants/Third-Party )
    Plaintiffs,            )
                                   )
v.                                 )
                                   )
ALICIA GRANT A/K/A ALICIA          )
VANLANDEGHEM,                      )
                                   )
    Third-Party Defendant. )

———————————————————————————————————————————

REPORT AND RECOMMENDATION

———————————————————————————————————————————

Before the court by order of reference is third-party defendant Alicia Grant a/k/a Alicia VanLandeghem's ("VanLandeghem") Motion to Dismiss Pursuant to Rule 12(b)(2), F.R.C.P., or in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a). (D.E. 43.) Defendants/third-party plaintiffs Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc. (collectively "Victoria's

Secret") filed a response opposing the motion to dismiss, but joining in VanLandeghem's request to transfer the case. Based on the record, the court recommends that VanLandeghem's motion be denied in its entirety.

## I.   PROPOSED FINDINGS OF FACT

The Carpenters are the parents of Olivia Carpenter, a minor, and reside in Lafayette County, Mississippi. Victoria's Secret has its principal place of business in Ohio, and has over 1,000 retail stores located across the United States, including in Tennessee and Mississippi. The Carpenters, who were divorced at the time that the events giving rise to this lawsuit occurred, allege that Ms. Carpenter's boyfriend bought flannel pajamas for Olivia from a Victoria's Secret store at the Oak Court Mall in Memphis, Tennessee. The Carpenters claim that on January 12, 2008, Olivia went to a sleepover at the residence of VanLandeghem, a friend of Ms. Carpenter. VanLandeghem lived in a condominium in Oxford, Mississippi, a city located approximately 63 miles from Memphis. The Carpenters allege that, during the sleepover, Olivia entered a bathroom that had a lit candle on a counter and that Olivia backed into the candle, causing the pajamas to ignite and burn her.

The Carpenters originally filed this action on January 12, 2009, in the Circuit Court in Memphis, seeking damages on the theories of strict liability, negligence, breach of warranty, and negligent misrepresentation. The case was subsequently removed to

-2-

this court by Victoria's Secret on February 6, 2009, on the basis
of diversity jurisdiction.  Victoria's Secret moved to transfer
this case to the Northern District of Mississippi, or
alternatively, to file a third-party complaint against
VanLandeghem.  On July 13, 2010, the undersigned magistrate judge
issued a Report and Recommendation that recommended Victoria's
Secret's motion to transfer be denied and its motion for leave to
file a third-party complaint be granted.  On August 10, 2010, the
district judge entered an order adopting the Report and
Recommendation.

Victoria's Secret then filed a third-party complaint against
VanLandeghem pursuant to Fed. R. Civ. P. 14 seeking contribution
and indemnification, and served her with the complaint at her
residence in Oxford.  In response, VanLandeghem filed the present
motion seeking to dismiss the third-party complaint based on lack
of personal jurisdiction, or in the alternative, to transfer the
case to the Northern District of Mississippi pursuant to 28 U.S.C.
§ 1404(a).

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal
of a claim for lack of jurisdiction over the person.  A plaintiff
(or third-party plaintiff) bears the burden of establishing the
court's personal jurisdiction over the defendant (or third-party

defendant).  Intera Corp. v. Henderson, 428, F.3d 605, 615 (6th
Cir. 2005); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir.
1991).  Absent an evidentiary hearing on the issue of personal
jurisdiction, the plaintiff "need only make a prima facie showing
of jurisdiction." Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.
2002) (quoting Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d
883, 887 (6th Cir. 2002)).  A prima facie showing of jurisdiction
may be established based upon the plaintiff's presentation of
specific facts, by affidavit or otherwise.  Theunissen, 935 F.2d at
1458.  In considering a motion to dismiss, "the court must construe
the complaint in a light most favorable to the plaintiff, and
accept all of [the] factual allegations as true." Bird, 289 F.3d
at 871.  This requirement, however, does not require the court "to
ignore undisputed factual representations of the defendant which
are consistent with the representations of the plaintiffs." Kerry
Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 153 (6th Cir.
1997).

     In diversity actions such as the case at bar, a federal court
applies the law of the forum state in which it sits to determine
whether personal jurisdiction is appropriate.  The court may
maintain jurisdiction over a non-resident defendant only in
accordance with the forum state's long-arm statute and the
limitations of the Due Process Clause of the United States
Constitution.  Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d

1110, 1115 (6th Cir. 1994); Proctor & Gamble Cellulose Co. v. Viskoza-Loznica, 33 F. Supp. 2d 644, 660 (W.D. Tenn. 1998). In Tennessee, the long-arm statute extends the personal jurisdiction of Tennessee courts to the limits of the Due Process Clause. See Tenn. Code Ann. § 20-2-214(a)(6) (2004). Therefore, the court need only determine whether the assertion of personal jurisdiction over the defendant would violate the Due Process Clause.

Consistent with the Due Process Clause, courts can exercise personal jurisdiction over a defendant so long as that defendant has "certain minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either specific or general, depending on the nature of the defendant's contacts with the forum state. Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992).

General jurisdiction arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Third Nat'l Bank v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction arises when the defendant has sufficient minimum contacts that arise from or are related to the cause of action. Calphalon Corp. v. Rowlette, 228

F.3d 718, 721 (6th Cir. 2000).  The plaintiff must establish that (1) the defendant purposefully availed himself of the privilege of acting in the forum state or intentionally caused a consequence in the forum state; (2) the cause of action arose from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.  Id.; see also Neal v. Janssen, 270 F.3d 328, 332 (6th Cir. 2001); Aristech Chem. Inter. Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 628 (6th Cir. 1998); Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). Purposeful availment is the most important criterion.  Kerry Steel, 106 F.3d at 150.  The significance of purposeful availment is that it "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1986) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); World-Wide Volkswagen, 444 U.S. at 299)).

Under the above-described test, this court would not have general or specific personal jurisdiction over VanLandeghem.  As

-6-

set forth in her affidavit, she has lived in Mississippi for thirty-three years, she has no ownership or possession of any interests in real or personal property in Tennessee, she does not work or transact business in Tennessee, she has not entered into any contracts in Tennessee, and she has never lived in Tennessee. In addition, as described in the original complaint and third-party complaint, VanLandeghem did not buy the pajamas at issue in this lawsuit and the incident that caused Olivia's injuries occurred at her residence in Mississippi.

Victoria's Secret does not dispute VanLandeghem's contention that this court lacks personal jurisdiction over her under the traditional minimum contacts analysis. Instead, Victoria's Secret argues that this court can exercise personal jurisdiction over VanLandeghem based on Fed. R. Civ. P. 4(k)(1)(B). The court agrees. Rule 4(k)(1) provides:

> (1) ***In General.*** Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
>
> (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>
> (C) when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1).

Although not yet addressed by the Sixth Circuit, courts from

-7-

other circuits have held that a federal court has personal jurisdiction over a defendant joined under Rule 14 or Rule 19 if (1) the defendant was served within the 100-mile "bulge area" surrounding the federal courthouse where the action was filed and (2) the defendant has sufficient contacts with the "bulge area" *or* forum state to satisfy due process standards. See Quinones v. Pa. General Ins. Co., 804 F.2d 1167, 1178 (10th Cir. 1986); Sprow v. Hartford Ins. Co., 594 F.2d 412, 417 (5th Cir. 1979); Coleman v. American Export Isbrandtsen Lines, Inc., 405 F.2d 250, 252 (2d Cir. 1968); Tatar v. Levi, No. 08-4422, 2010 WL 3740610, at *4 (D.N.J. Sept. 20, 2010); Eiriksson v. Concrete Systems, Inc., No. 05-cv-00235, 2006 WL 2792402, at *3-4 (D.N.H. Sept. 28, 2006); Gamble v. Lyons Precast Erectors, Inc., 825 F. Supp. 92, 94 (E.D. Pa. 1993); Salamon v. Motor Vessel Poling Bros. No. 11, Inc., No. 87 CV 3369, 1989 WL 65517, at *1 (E.D.N.Y. June 6, 1989). The fact that the forum state may not be able to exercise jurisdiction over the third-party in the same circumstances is immaterial. Quinones, 804 F.2d at 1176. "The intent of Congress in enacting the bulge rule . . . was 'to allow complicated controversies to be ended by a single lawsuit if all the necessary third parties could be found within 100 miles of the courthouse.'" Gamble, 825 F. Supp. at 94 (quoting Coleman, 405 F.2d at 252).

In Quinones, plaintiff Lubin Quinones filed a lawsuit in state court in New Mexico against an uninsured motorist policy issued by

-8-

the defendant, Pennsylvania General Insurance Company ("Penn General"). 804 F.2d at 1168. The action arose out of an automobile accident that occurred in El Paso, Texas, involving Quinones and an uninsured motorist, William George Mowad. Penn General removed the case to the District Court of New Mexico and filed a third-party complaint against Mowad. Mowad was served pursuant to Rule 4(f) (the predecessor to Rule 4(k)(1)(B)) in El Paso, Texas, which was located approximately forty miles from the federal courthouse in New Mexico. Mowad filed a motion to dismiss the third-party complaint, arguing that the court lacked personal jurisdiction and that Rule 4(f) was unconstitutional if interpreted in a manner that expanded personal jurisdiction beyond a state's boundaries. Mowad asserted that he did not reside in New Mexico, did not do business in New Mexico, did not have an office or agent in New Mexico, and the accident did not occur in New Mexico. Id. at 1172. The trial court found that Mowad did not have sufficient contacts with the forum state and granted his motion to dismiss the third-party complaint. Id. at 1173.

On appeal, the Tenth Circuit considered the issue of "[w]hat is the minimum contacts territory when a third-party defendant is served under Fed. R. Civ. P. 4(f)?" Id. The court reversed the district court's dismissal of the third-party complaint, holding that "if a party delineated in Rule 4(f) has minimum contacts with the 100-mile bulge area, the district court in the forum state

gains personal jurisdiction over such party through service of process pursuant to Fed. R. Civ. P. 4(f), providing due process is satisfied." Id. at 1174. In addressing the constitutional challenge, the court explained that

> Mr. Mowad argues that the constitutional due process requirements articulated in International Shoe and its progeny *always* requires minimum contacts with the forum state and that "efficiency of determining entire controversies in one proceeding cannot override the Constitutional requirement of due process." . . .
>
> . . . The rule articulated [in International Shoe] was very precise: the party must have adequate minimum contacts with the "*territory of the forum*," not necessarily with the state in which the court sits. That pre-1963 case (the year of the 100-mile bulge amendment), as well as most of its kind, involved a state court whose territorial limits were, in fact, the state boundaries. Hence, the minimum contacts inquiry was directed to activities within the state itself. Under Rule 4(f) as amended, however, the "territory of the forum" in the case of a federal district court is not defined by state lines with respect to Rule 14 and Rule 19 parties, and we can glean no compelling reason why it must be. Under the rationale of International Shoe, then, a federal district court may exercise personal jurisdiction over a Rule 14 or Rule 19 party if that party has sufficient minimum contacts with the area defined by a 100-mile radius from the courthouse, regardless of whether that limited area is within one state or spans several states.
>
> We do not, as Mr. Mowad contends, find that efficiency can override the constitutional requirement of due process. Rather, we conclude that the Rule 4(f) territorial extension is modest enough, and its applicability to Rule 14 and Rule 19 parties narrow enough, that subjecting such parties to the jurisdiction of a court within 100 miles of an area with which they concededly have minimum contacts does not offend notions of fair play and substantial justice under due process scrutiny. Rule 4(f) is a narrowly tailored rule designed to implement an important federal policy – efficiency in the disposition of multi-party controversies.

There are, of course, limits to what will satisfy
due process.  As Professor Kaplan noted, "The amendment
is certainly not intended to hold [a] corporation to
judgment if the sole contact is the fact of service."
Kaplan, *Amendments to the Federal Rules of Civil
Procedure 1961-1963*, 77 Har. L. Rev. 601, 633 (1964).  In
this case, however, due process is undoubtedly satisfied.
Mr. Mowad was not only served process within the bulge
territory, he also resided within the area and the
automobile collision occurred within the region.

Id. at 1177-78 (internal footnote omitted) (emphasis in original).

In the present case, VanLandeghem was joined as a third-party
defendant pursuant to Rule 14, she was served with the third-party
complaint at her Oxford residence, it is undisputed that her
residence is located within 100 miles of the federal courthouse in
Memphis, and the incident that gave rise to this lawsuit occurred
at her residence in Oxford.  Under these circumstances, the court
concludes that it has personal jurisdiction over VanLandeghem under
Rule 4(k)(1)(B), and therefore denies her motion to dismiss for
lack of personal jurisdiction.[1]

**B.    Motion to Transfer**

VanLandeghem asks that, in the alternative, the court transfer
this case to the Northern District of Mississippi.  In the July 13
Report and Recommendation, which was adopted by the district judge,
the undersigned recommended that Victoria's Secret's motion to

---

[1]The distance between the federal courthouse in Memphis and
VanLandeghem's residence in Oxford measured in road miles is
approximately 83 miles, while the distance between Memphis and
Oxford measured in air miles is approximately 63 miles.  See
http://www.geobytes.com/CitydistanceTool.htm   (calculating   air
miles); http://www.mapquest.com (calculating road miles).

transfer be denied, and noted that Victoria's Secret's concerns regarding whether this court may lack personal jurisdiction over VanLandeghem was premature.  Based on the court's conclusion that it has personal jurisdiction over VanLandeghem, there is now an even stronger justification for keeping this case in the Western District of Tennessee.  The court thus finds that transfer to the Northern District of Mississippi is not warranted.

### III.   RECOMMENDATION

For the reasons above, the court recommends that VanLandeghem's Motion to Dismiss Pursuant to Rule 12(b)(2), F.R.C.P., or in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) be denied.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 11, 2011
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(c).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**